**No. 56405.**—George Becker *v.* United States, protest 162839–K (Buffalo).

Johnson, Judge:   This action pertains to the importation of 9- by 12-foot Persian rugs brought to the United States as a part of plaintiff's baggage.   Duty was assessed thereon at the rate of 22½ per centum ad valorem under paragraph 1116 (a), Tariff Act of 1930, as amended by Presidential proclamation, T. D. 51909.   The plaintiff claims that the rugs are entitled to free entry under the provisions of paragraph 1632 as household effects of persons or families from foreign countries if actually used abroad by them not less than 1 year, and not intended for any other person or persons, nor for sale.   The plaintiff further claims that the rugs are exempt from duty under Public Law 633, 56 Stat. 461, providing for the free entry of personal and household effects of the United States personnel shipped from abroad.

At the trial the plaintiff testified that he purchased three of these rugs while he was in Army service, and one while a civilian employee of the Army.   He *had no other household effects; the rugs were placed in quarters, while he was in the Army, where they would not be walked upon.*   He stated:

* * *   Well, I had a bedroom of my own and we had, see, it was a very large apartment house with maybe twenty or thirty rooms in it and I had a bedroom of my own and I had the use of two other rooms, a dining room and living room, and I put the rugs in another one bedroom so they wouldn't be damaged.

At the time of the trial, the witness stated, the rugs in question were in "Glen's Storage House."   The witness further stated—

* * *   I intended to use them and I am going to use them *if* I get married. [Italics supplied.]

The witness admitted on cross-examination that the rugs were in a separate bedroom and he would just go in there and look at them now and then but would not walk over them.

Clearly, the plaintiff has failed to establish that these rugs were used abroad as a part of his household for not less than a year.   The rugs were never used in plaintiff's household.   In fact, it does not appear that he had a household in which to use the rugs.   The plaintiff's future intention as to the use of the rugs is too obscure.   He states he intends to use them personally *if* he gets married.

When the statute grants a privilege of free entry to dutiable merchandise, the language thereof must be construed most strongly in favor of the grantor. See *Swan & Finch Co.* v. *United States,* 190 U. S. 143.

As to the claim that the rugs are free of duty by reason of the passage of Public Law 633, that law was passed in order to exempt from duty only the personal and household effects of persons evacuated to the United States under Government orders, including certain classes of persons in the service of the United States. The plaintiff in this case completed his military service in November 1946 and his civilian-employee status in January 1948. From January 1948 to October 1949, he remained in Germany on a military permit, returning to the United States of his own free will. Clearly, he does not come within the terms of persons evacuated to the United States under Government orders and, therefore, is not entitled to claim any benefits under that provision.

For the reasons stated judgment will be entered in favor of the Government.